**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **MARTHA AGUILAR,** | ) | 1:10-cv-1572 OWW GSA |
| | ) | |
| Plaintiff, | ) | **ORDER AFTER SCHEDULING CONFERENCE** |
| v. | ) | |
| | ) | **Further Scheduling Conference: 4/7/11 8:15 Ctrm. 3** |
| **TARGET STORES, INC. and DOES 1 to 20,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**I.   Date of Scheduling Conference.**

   **January 14, 2011.**

**II.  Appearances Of Counsel.**

   **Ronald Z. Berki, Esq., appeared on behalf of Plaintiff.**

   **Boornazian, Jensen & Garthe by Gail C. Trabish, Esq., appeared on behalf of Defendant.**

**III. Summary of Pleadings.**

   **1.   Plaintiff asserts causes of action for negligence and premises liability for a slip and fall accident while shopping at the Hanford Target Store on May 8, 2008. Plaintiff claims wage loss, hospital and medical expenses, general damages and loss of earning capacity.**

2.   Defendant denies liability and asserts affirmative defenses of comparative negligence, failure to state facts, failure to mitigate, responsibility of others and assumption of the risk.

IV. Orders Re Amendments To Pleadings.

    1.   The parties do not anticipate amending the pleadings at this time.

V. Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   Plaintiff was a patron at the Hanford, California Target Store in May of 2008.

        2.   Target Stores, Inc. is a corporation formed and existing under the laws of the State of Minnesota.

    B.   Contested Facts.

        1.   All remaining facts are contested.

VI. Legal Issues.

    A.   Uncontested.

        1.   Jurisdiction exists under 28 U.S.C. § 1332.

        2.   Venue is proper under 28 U.S.C. § 1391.

        3.   In this diversity action, the parties agree that the substantive law of the State of California provides the rule of decision.

    B.   Contested.

        1.   Plaintiff contends that Defendant was negligent in the maintenance of its premises and that it knew or should have known of the conditions of its property.

        2.   Defendant contends that it reasonably maintained

1 its premises, had no knowledge, constructive or actual, of any
2 dangerous condition on its premises.  Defendant contests
3 negligence.  Defendant also contests the nature and extent of
4 injuries, causation and the reasonableness thereof.
5         3.    Whether Defendant was negligent in the operation
6 of its premises.
7         4.    Plaintiff's comparative negligence.
8         5.    The nature and extent of injuries and causation.
9         6.    The nature, extent and reasonableness of damages
10 and causation.
11 VII. Consent to Magistrate Judge Jurisdiction.
12     1.   The parties have not consented to transfer the
13 case to the Magistrate Judge for all purposes, including trial.
14 VIII.    Corporate Identification Statement.
15     1.   Any nongovernmental corporate party to any action in
16 this court shall file a statement identifying all its parent
17 corporations and listing any entity that owns 10% or more of the
18 party's equity securities.  A party shall file the statement with
19 its initial pleading filed in this court and shall supplement the
20 statement within a reasonable time of any change in the
21 information.
22 IX.  Discovery Plan and Cut-Off Date.
23     1.   Defendant will propound Interrogatories and Request for
24 Production of Documents to Plaintiff following the Initial Case
25 Management.  Medical records from all identified providers will
26 be subpoenaed by Defendant, as well as employment records to the
27 extent that Plaintiff claims a loss of earnings.  Defendant will
28 then notice the depositions of Plaintiff.

    2.   Defendant may elect to have Plaintiff examined pursuant to F.R.C.P. 35 and depose the Plaintiff's employers and treating health care practitioners.

X.   Alternative Dispute Resolution.

    1.   The parties intend to pursue private alternative dispute resolution.  In the event the case is not resolved, a Scheduling Conference will be held April 7, 2011 at 8:15 in Courtroom 3.

IT IS SO ORDERED.

**Dated:   January 18, 2011**                    /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE